NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 28, 2012[*]
Decided April 5, 2012

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

RICHARD A. POSNER, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 11-2519

| | |
|---|---|
| ELAINE MARIE MOORMAN,<br>*Plaintiff-Appellant,* | Appeal from the United States District<br>Court for the Southern District of Illinois. |
| *v.* | No. 10-cv-0405-MJR |
| WAL-MART STORES, INC.,<br>*Defendant-Appellee.* | Michael J. Reagan,<br>*Judge* |

**O R D E R**

Elaine Marie Moorman has sued her former employer, Wal-Mart Stores, Inc., for discrimination based on sex, age, disability, and other related theories. The district court dismissed her amended complaint for failure to state a claim.

The complaint makes the following allegations. Wal-Mart hired Moorman in June 2006 as a night stock-person. When Moorman, who is over 50, showed up on her first day of

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

work, however, Wal-Mart assigned her to be a cashier. Despite her prior retail experience and positive performance evaluations during her next two years of employment, Wal-Mart never advanced her from cashier to night stock-person, while promoting at least two substantially younger employees. She adds that younger men were being hired for night positions in the stock room while she remained a cashier.

Those are her allegations regarding age and sex discrimination, but she also alleges disability discrimination, sexual harassment, and retaliation for complaining about discrimination. She alleges that a 15-year-old head injury, and double vision, make it difficult for her to read and write, which contributed to a delay in her learning to operate the cash register. She alleges that a male manager leaned his chair back, put his hands behind his head, and spread his legs very wide when he gave her her second-year evaluation. And she alleges the following acts of retaliation: Wal-Mart cut some of her hours, costing her about $500 in wages, after she told her husband (whom she suspects is a covert Wal-Mart agent) that Wal-Mart fired her son after a woman manager "tried to be very friendly to him." Her husband yelled at her for mentioning at work the company's manual entitled "Manager's Toolbox for Remaining Union Free." Later Wal-Mart scheduled her to work eight days in a row, prompting her to quit. Someone stole court documents from her barn and fired a shot outside her window. And Wal-Mart assumed that she worked for or belonged to a labor union.

The district court dismissed without prejudice her claims of sexual harassment and of the retaliation consisting of stealing documents and shooting because she hadn't included them in her EEOC charge. The judge dismissed with prejudice her retaliation claims because she had not connected the retaliation to Wal-Mart and her age and sex claims because she had failed to plead the "basic elements" necessary to "show" a prima facie case of discrimination under *McDonnell Douglass Corp. v. Green*, 411 U.S. 792 (1973), and her claim of disability discrimination on the ground that she hadn't been subjected to a materially adverse employment action.

We disagree only with the judge's dismissal of the age and sex claims, as she was not required to plead specific facts supporting each element of a prima facie case. *Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 508 (2002). Her allegation that she was never "advanced" to the night stock-person job that she sought, despite relevant experience, positive performance reviews, and openings, is borderline because she does not actually state that the night stock-person's job is superior to the job of cashier, but that is perhaps implicit in her use of the term "advanced," and since she is pro se we will give her the benefit of the doubt. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Our independent research indicates that it may pay more than the cashier's job. http://www.glassdoor.com/Hourly-Pay/Walmart-Wal-Mart-Cashier-Hourly-Pay-E715_D_KO8,24.htm); www.glassdoor.com/Hourly-Pay/ Walmart-Overnight-

Stocker-Hourly-Pay-E715_D_KO8,25.htm) (both visited Mar. 30, 2012). This is not admissible evidence, but merely some informal support for believing that her claim may have some merit. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 750 (2008). Her desire for the stock-person's job is strongly alleged; she told a supervisor twice "how badly [she] wanted to get off the front end cash registers" and kept her career profile on Wal-Mart's computer updated with a statement of her desire to work as a stock-person, and presumably she had some rational basis for thinking that it was indeed a better job.

We therefore vacate the dismissal of her claims of age and sex discrimination, but affirm the remainder of the judgment.